IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:05-CR-167 |
| v. | : | Judge Holschuh |
| WILFRED PADILLA, | : | |
| Defendant. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

This matter is currently before the Court on Attorney Javier Armengau's motion to withdraw as counsel for Defendant Wilfred Padilla. (Record at 59). For the reasons set forth below, the Court grants Armengau's motion.

On June 9, 2006, Defendant entered a plea of guilty to Count 4 of the Superseding Indictment, charging him with operation of a continuing criminal enterprise, and the Court accepted Defendant's guilty plea. In the plea agreement, the parties agreed that a sentence of 20 years would be reasonable. On August 25, 2006, Defendant filed a motion to withdraw the plea of guilty, claiming that he did not fully understand the proceedings at the June 9, 2006 hearing. The Government requested a transcript of that hearing and filed a memorandum in opposition.

On December 4, 2006, the Court held a hearing on Defendant's motion to withdraw his guilty plea. During that hearing, Armengau stated that the motion had been filed at his client's insistence, and that he had advised his client against it. After some clarification concerning the Government's position and after a short recess, Armengau informed the Court that Defendant was requesting that he withdraw from the case. When the Court inquired into the reasons for

Defendant's request, Defendant accused Armengau of a variety of misconduct, including: (1) conspiring with counsel for the Government to get Defendant to enter the guilty plea; (2) retaliating against him; and (3) telling Defendant's mother that Defendant would receive a 5-10 year sentence.  Armengau vehemently denied each of these accusations.  He asked that he be permitted to withdraw as counsel since it was clear that his client no longer trusted him to represent his best interests.  Defendant informed the Court that his family was in the process of retaining a different attorney.

The Court gave Armengau 15 days to file a formal motion to withdraw as counsel, and gave Defendant 15 days to notify the Court if he was going to retain another attorney.  Armengau has filed his motion, reasserting his belief that the attorney-client relationship has deteriorated to the point that Defendant no longer trusts him.  On December 21, 2006, attorney Larry Warner filed a notice of appearance on behalf of Defendant.  Because Defendant has requested that Armengau withdraw as counsel and has retained a new attorney, the Court will treat this as a motion to substitute counsel.

The Sixth Circuit has held that "[a] defendant is required to show good cause for a request to substitute counsel and to do so in a timely manner." United States v. Williams, 176 F.3d 310, 314 (6th Cir. 1999).  One of the factors to be considered in determining whether good cause exists is "the extent of the conflict between the attorney and client and whether it resulted in a total lack of communication."  Id.  In addition, the Court must balance Defendant's right to counsel of his choice against "the public's interest in the prompt and efficient administration of justice."  Id. (internal quotation omitted).

Counsel for the Government has filed a memorandum in opposition to Armengau's motion, arguing that Defendant failed to request new counsel in a timely manner and failed to show good cause why he is entitled to a different attorney. According to the Government, Defendant made false accusations against Armengau to manipulate the system and avoid the imposition of a lengthy sentence.

In the Court's view, Defendant has established good cause for his request to substitute counsel. At the December 4, 2006 hearing, it became apparent that the attorney-client relationship had deteriorated to the point that effective representation is no longer possible. Defendant expressed his frustration at Armengau's failure to assert certain arguments in the motion to withdraw the guilty plea and accused Armengau of conspiring with Government counsel, retaliating against him, and making inaccurate predictions concerning the length of sentence to be imposed. Armengau vehemently denied Defendant's accusations, and characterized Defendant's expectations and proposed strategies as "incredibly unrealistic." Noting that any further proceedings would be "mired in distrust," Armengau asked that he be permitted to withdraw as counsel. While there may not be a "total lack of communication," it is clear that the conflicts and disagreements between Armengau and Defendant, concerning what is in Defendant's best interest, have created a chasm that cannot be bridged.

The Court also finds that, under the circumstances presented here, Defendant's request for substitution of counsel was made in a timely manner. The dispute in question may have started in August of 2006, when Defendant asked Armengau to file the motion to withdraw the plea of guilty. However, it was not until the December 4, 2006 hearing that the extent of the rift between them become apparent.

The Government urges the Court to deny Defendant's request for new counsel and his motion to withdraw his guilty plea, and to schedule the case for a sentencing hearing as soon as possible.  The Government's "interest in the prompt and efficient administration of justice," however, must be balanced with Defendant's Sixth Amendment right to counsel of his choice.  At this stage of the proceedings, the slight delay resulting from the substitution of counsel will not substantially prejudice the Government.  Because it is clear that the relationship between Defendant and Armengau has deteriorated to the point that effective representation is no longer possible, the Court **GRANTS** Armengau's motion to withdraw as counsel (Record at 59).

As noted earlier, Mr. Warner has already filed a notice of appearance on behalf of Defendant.  On **February 1, 2007, at 2:00 p.m.**, the Court will hold a continued hearing on Defendant's motion to withdraw his guilty plea, unless Defendant, through counsel, notifies the Court prior to that date that he wants to withdraw his pending motion.  At that hearing, Defendant will have the burden of establishing "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  If counsel for Defendant needs additional time to prepare for the hearing, he may file an appropriate motion.

**IT IS SO ORDERED.**

Date: December 29, 2006                                             **/s/ John D. Holschuh**
                                                                                        John D. Holschuh, Judge
                                                                                         United States District Court